# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ENAL, an individual,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>HMS HOST USA, INC., a Delaware corporation, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 10cv1986 DMS (BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**[Docket No. 9]** |

　　　This case comes before the Court on Defendant's motion to dismiss. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the Court grants in part and denies in part the motion to dismiss.

## I.
## BACKGROUND

　　　Plaintiff Martin Enal is employed as a utility man for Defendant Host International, Inc. (Compl. ¶ 9.) He has been employed by Defendant since October 5, 1985. (*Id.*)

　　　Plaintiff alleges that he "enjoyed good working relationships with his co-workers, and received favorable job performance reviews from his managers and supervisors" until sometime in 2008. (*Id.* ¶ 11.) At that time, he began experiencing problems with the utility man from another shift, Armando de

///

Guzman. (*Id.* ¶ 12.) Plaintiff alleges that Mr. de Guzman would not complete his work, and that Plaintiff would have to complete Mr. de Guzman's work in addition to performing his own work. (*Id.*)

Plaintiff complained about this situation to his immediate supervisor, Adriana Mejia. (*Id.* ¶ 13.) Ms. Mejia did not resolve the issue to Plaintiff's satisfaction, therefore Plaintiff complained to Jennifer Lakin in Human Resources about the situation. (*Id.* ¶ 14.) Ms. Lakin said she would discuss the issue with Ms. Mejia. (*Id.*)

The following day, Ms. Mejia assigned Plaintiff additional job duties. (*Id.* ¶ 15.) Plaintiff alleges this was in retaliation for his complaints about Mr. de Guzman. (*Id.* ¶ 16.)

In September 2008, Plaintiff alleges he was forced to bid on and accept a less desirable shift while the more preferred shift went to Mr. de Guzman. (*Id.* ¶ 17.)

Plaintiff alleges he was subject to other retaliatory and discriminatory employment practices, including being falsely accused and written up for failing to abide by workplace rules and regulations, and being ordered and forced to work overtime without pay. (*Id.* ¶ 18.) Plaintiff alleges he complained about these practices only to have them increase in rate, degree and intensity, creating "an increasingly hostile work environment." (*Id.* ¶ 19.)

On April 2, 2009, Ms. Mejia gave Plaintiff a written reprimand for leaving perishable merchandise unattended. (*Id.* ¶ 21.) Plaintiff was forced to seek the intervention of his Union to represent him in that matter. (*Id.*)

On May 29, 2009, Ms. Mejia ordered Plaintiff to the office of the General Manager, Joe Niknam, where Plaintiff was given a verbal warning against insubordination and fighting in the workplace. (*Id.* ¶ 24.) Plaintiff alleges the discrimination, harassment and retaliation continued through this time.

On July 6, 2010, Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH") alleging claims of discrimination and harassment based on his race and national origin,[1] and retaliation. The DFEH issued its Right-To-Sue Notice on July 20, 2010.

On August 19, 2010, Plaintiff filed the present case in San Diego Superior Court alleging claims for employment discrimination based on race and national origin, harassment and retaliation under

---

[1] Plaintiff is Filipino. (*Id.* ¶ 5.)

1  California's Fair Employment and Housing Act, failure to pay overtime wages, and intentional and
2  negligent infliction of emotional distress. Defendant removed the case to this Court on September 22,
3  2010. The present motion followed.

## II.

## DISCUSSION

Defendant moves to dismiss Plaintiff's first, second, third, fourth, sixth and seventh claims for relief. Defendant argues Plaintiff's first through fourth claims are time-barred, and the sixth and seventh claims fail to state a claim.

### A. Standard of Review

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

### B. Discrimination, Harassment and Retaliation Claims

Defendant argues these claims should be dismissed because they are untimely. Specifically, Defendant asserts Plaintiff failed to file his complaint with the DFEH within the one year statute of limitations. Plaintiff contends the continuing violations doctrine applies to the facts of his case, and renders his claims timely.

California Government Code § 12960(d) sets out a one-year statute of limitations for filing a complaint with the DFEH. Cal. Govt. Code § 12960(d). The continuing violations doctrine "is an 'equitable exception to the timely filing requirement.'" *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 63-64 (2000) (quoting *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 755 (3d Cir. 1995)). To warrant application of the doctrine, "[t]he plaintiff must demonstrate that at least one act occurred within the filing period and that 'the harassment is more than the occurrence of isolated or sporadic acts of intentional discrimination.'" *Id.* at 64 (quoting *West*, 45 F.3d at 755) (internal quotation marks omitted). Here, Plaintiff alleges the unlawful employment practices began sometime in 2008 and continued through at least May 29, 2009. (Compl. ¶¶ 17, 21, 23-24.) Plaintiff alleges the "hostility in Plaintiff's work environment continued unabated" after May 29, 2009, (*id.* ¶ 25), but he fails to allege any specific act that occurred after that date, and more importantly, any specific act that occurred after July 6, 2009, which is one year prior to the filing of his DFEH complaint. Absent allegations of a specific act that occurred within this time frame, Plaintiff is not entitled to the benefit of the continuing violations doctrine. Accordingly, these claims are untimely and must be dismissed.

**C.     Emotional Distress Claims**

The only other claims at issue in this motion are Plaintiff's claim for intentional and negligent infliction of emotional distress. Defendant argues these claims should be dismissed because they are duplicative of Plaintiff's other claims, they are preempted by the Workers' Compensation Act, and the conduct at issue was not extreme or outrageous.

Defendant is correct that Plaintiff's emotional distress claims are based on the same conduct underlying his discrimination, harassment and retaliation claims. However, reliance on the same facts does not render the emotional distress claims duplicative of the other claims. The emotional distress claims are based on an entirely different legal theory, and for that reason, are not duplicative.

Nor are the emotional distress claims preempted by the Workers' Compensation Act. *See Flait v. North Am. Watch Corp.*, 3 Cal. App. 4th 467, 480 (1992) (stating trial court erred in concluding claim of emotional distress arising from FEHA violation were barred by workers' compensation act).

The Court also rejects Defendant's argument that the conduct at issue is legally insufficient to support Plaintiff's emotional distress claims. To the extent these claims are based on Defendant's acts of discrimination and harassment, that conduct "will constitute the outrageous behavior element of a
/ / /
cause of action for intentional infliction of emotional distress[.]" *Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 618 (1989).

### III.
### CONCLUSION AND ORDER

For these reasons, the Court grants in part and denies in part Defendant's motion to dismiss. Specifically, the Court grants the motion to dismiss Plaintiff's, first, second, third and fourth claims, and denies the motion to dismiss Plaintiff's sixth and seventh claims.

In accordance with Plaintiff's request, Plaintiff is granted leave to file a First Amended Complaint that cures the pleading deficiencies set out in this Order. Plaintiff is cautioned that if his First Amended Complaint does not cure these deficiencies, his claims will be dismissed with prejudice and without leave to amend. The First Amended Complaint shall be filed on or before January 14, 2011.

**IT IS SO ORDERED**.

DATED: January 3, 2011

HON. DANA M. SABRAW
United States District Judge